**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**DAWN MARIE SECH,**

               **Plaintiff,**          **7:13-cv-1356
                                                     (GLS)**

        v.

**COMMISSIONER OF SOCIAL
SECURITY,**

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Conboy, McKay Law Firm<br>307 State Street<br>Carthage, NY 13619 | LAWRENCE D. HASSELER,<br>ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261<br><br>Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | SIXTINA FERNANDEZ<br>Special Assistant U.S. Attorney |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Dawn Marie Sech challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI),[1] seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Sech's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## II. Background

On October 27, 2010, Sech filed an application for SSI under the Social Security Act ("the Act"), alleging disability since August 1, 2009. (Tr.[2] at 52, 131-40.) After her application was denied, (*id.* at 59-62), Sech requested a hearing before an Administrative Law Judge (ALJ), (*see, e.g.*, *id.* at 64-66), which was held on April 10, 2012, (*id.* at 25-50). On June 25, 2012, the ALJ issued an unfavorable decision denying the requested benefits, (*id.* at 9-24), which became the Commissioner's final determination upon the Social Security Administration Appeals Council's

---

[1] Sech's references to Social Security Disability Insurance (SSD) in her complaint is ignored because no application for SSD has been filed with the Social Security Administration.

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

denial of review, (*id.* at 1-6).

Sech commenced the present action by filing her complaint on October 31, 2013, wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 11.)

### III. **Contentions**

Sech contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 10 at 12-23.) Specifically, Sech claims that: (1) the ALJ erred at step two when she failed to properly address Sech's arthritis, kidney problems, migraine headaches, bursitis, anxiety, and depression; (2) the ALJ's determination of Sech's residual functional capacity (RFC) was both legally insufficient and unsupported by substantial evidence because she did not consider Sech's bursitis, arthritis, migraine headaches, and kidney problems, failed to assess exertional limitations discussed in a consultative examiner's opinion, and did not utilize a function-by-function analysis; (3) the ALJ failed to properly assess Sech's credibility; and (4) the ALJ erred at step five by relying on the Medical-Vocational Guidelines. (*Id.*) The

Commissioner counters that the appropriate legal standards were used by the ALJ and her decision is also supported by substantial evidence. (Dkt. No. 11 at 2-16.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (Dkt. No. 10 at 1-12; Dkt. No. 11 at 2.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Step Two Severity Determinations

Sech first argues that the ALJ erred in her step two severity determination because she "failed to properly address [Sech]'s arthritis,

---

[3] 42 U.S.C. § 1383(c)(3) renders § 405(g) applicable to judicial review of SSI claims.

kidney problems, migraine headache[s], bursitis, anxiety and depression." (Dkt. No. 10 at 13-17.) Specifically, Sech contends, among other things, that the ALJ's conclusion that Sech's kidney problems and migraine headaches were not severe was based on an erroneous review of Sech's medical history, and, further, that the ALJ's step two determination was flawed because she failed to even address Sech's bursitis, anxiety, and arthritis. (*Id.*) In response, the Commissioner either ignores or simply misapprehends some of Sech's arguments, and otherwise argues that any failures at step two were harmless. (Dkt. No. 11 at 6-9.) The court agrees with Sech.

At step two of the sequential analysis, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 416.920(a)(4)(ii). A finding of not severe is appropriate when an impairment, or combination of impairments, "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* § 416.921(a). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3

5

(N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)).

Here, the ALJ first determined that Sech's kidney problems were not severe solely because "there is no evidence of a problem" since Sech's "issue in June 2010." (Tr. at 15.) This review of Sech's medical history, however, is incorrect, as post-June 2010 treatment notes indicate that Sech continued to have kidney issues and report flank pain, and some treatment notes also list a diagnosis of nephrolithiasis. (*Id.* at 412, 414, 431, 433, 466, 497.) Further, in January 2011, state consultative examiner Dr. Roberto Rivera diagnosed Sech with bilateral nephrolithiasis. (*Id.* at 331.)

Second, the ALJ determined that Sech's migraine headaches were not severe because "there is very limited mention of headaches in the record and no clinical findings, diagnostic imaging . . . or treatment plan" with respect to her migraine headaches. (*Id.* at 15.) As an initial matter, this statement is factually incorrect, as Sech's migraine headaches are mentioned and discussed extensively throughout her treatment history, (*id.* at 337, 339, 353, 419, 425, 460-61, 463, 465, 468, 473, 475), which includes a treatment plan involving a prescription of Maxalt to be taken at

6

the onset of a migraine, (*id.* at 411, 417, 462, 465, 468, 470). Further, at the hearing, Sech testified that her migraines cause her "[v]ery, very sharp pain" that lasts for "hours" and "attacks the back of [her] head[, and] shoot[s] . . . into [her] ear[s and] face." (*Id.* at 40-41.) Additionally, Dr. Rivera's examination notes outline Sech's history of migraines and indicate a diagnosis of chronic migraine headaches. (*Id.* at 327, 331.)

In addition to these factual errors, it was also legal error to determine that Sech's migraine headaches are non-severe because "the record lacks objective evidence." (*Id.* at 15.) Indeed, "[b]ecause there is no test for migraine headaches, when presented with documented allegations of symptoms which are entirely consistent with the symptomatology for evaluating [the claimed disorder], the Secretary cannot rely on the ALJ's rejection of the claimant's testimony based on the mere absence of objective evidence." *Federman v. Chater*, No. 95 Civ. 2892, 1996 WL 107291, at *2 (S.D.N.Y. Mar. 11, 1996) (internal quotation marks and citations omitted); *see Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *6-8 (N.D.N.Y. Sept. 3, 2008) ("[T]o place such emphasis on the absence of 'any specific evaluation or treatment' is not only a misstatement of the medical evidence, but is also a misreckoning of the

7

elusive task a doctor faces in diagnosing this impairment as there exists no objective clinical test which can corroborate the existence of migraines.").

Sech further claims that the ALJ erred in her step two determination by failing to assign a severity determination to Sech's bilateral hip and shoulder bursitis, arthritis, and anxiety, despite receiving evidence of such impairments. (Dkt. No. 10 at 15-16.) The Commissioner only responds to the ALJ's failure to make a severity determination with respect to bursitis—arguing that this was harmless error because a remand would result in the same outcome—but does not at all address the ALJ's failure to consider Sech's anxiety or arthritis. (Dkt. No. 11 at 8-9.) It is true that the ALJ erred in failing to make a severity determination regarding these three impairments, despite receiving evidence of each. (Tr. at 15-16.) Notably, with respect to Sech's anxiety, treatment notes from Melinda Rosner, a physician's assistant, consistently diagnose Sech with anxiety, for which she was prescribed Lexapro. (*Id.* at 414, 417, 429, 432-33.) Dr. Jocelyn Beane's treatment notes also indicate a diagnosis of anxiety, for which Sech was prescribed Effexor. (*Id.* at 461, 464, 468, 470.) At the hearing, Sech testified that her anxiety makes her feel "very stressed out," constantly worried, "edgy, snappy, moody," and "not happy at all," and that

8

it is difficult for her to be around crowds of people. (*Id.* at 41.)

An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error if the ALJ continues the analysis and considers all impairments in her RFC determination. *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *3-4 (N.D.N.Y. Feb. 7, 2012) ("Often when there are multiple impairments, and the ALJ finds that only some of the impairments, but not others, are severe, any error in the severity analysis is harmless because the ALJ continues with the . . . sequential analysis, and does not deny plaintiff's application based on the second step alone." (internal quotation marks and citations omitted)); 20 C.F.R. § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your [RFC].").

Here, however, these errors are not harmless. Although the ALJ continued with the analysis, it is not clear that she considered all of Sech's impairments in her RFC determination, including Sech's impairments that are not severe. For example, the ALJ never discusses Sech's anxiety, bursitis, or arthritis, or the symptoms caused thereby, or further discusses

9

any potential limitations that Sech's migraine headaches or kidney problems may cause after she concluded that these impairments were not severe. (Tr. at 17-19.) Instead, in concluding that Sech has no exertional limitations at the RFC stage, the ALJ gave significant weight to—and, in fact, relied entirely on—the opinion of Dr. Rivera, a consultative examiner, in which Dr. Rivera stated that he "was presented with no actual data concerning any of [Sech's] problems," and that his medical source statement was "based on very incomplete information." (*Id.* at 17, 19, 331.) Accordingly, the ALJ's errors at step two are not harmless, and, on remand, the ALJ should make a severity determination with respect to all of Sech's impairments, based on an accurate review of Sech's medical history, and then consider all of Sech's impairments when making an RFC determination.

B. **Remaining Findings and Conclusions**

Because Sech's remaining contentions may be impacted by the subsequent proceedings directed by this Memorandum-Decision and Order, it would be premature for the court to address them at this juncture.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 30, 2015
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court